**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CRISTIAN RODRIGUEZ-MORENO** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-26-805-J** |
| ) | |
| **ROBERT CERNA et al.,** ) | |
| ) | |
| **Respondents.** ) | |

## REPORT AND RECOMMENDATION

Petitioner Cristian Rodriguez-Moreno, a noncitizen[1] and citizen of Nicaragua, proceeding with counsel, filed an Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). Respondents filed a response. (ECF No. 7). United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Petition be **GRANTED** in part. Petitioner is entitled to a bond hearing that comports with due process. Accordingly, the Court should order Respondents to provide Petitioner with a bond hearing at which the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    INTRODUCTION TO THE IMMIGRATION AND NATIONALITY ACT

The two sections of the Immigration and Nationality Act ("INA") at issue are 8 U.S.C. § 1225 and § 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." (Emphasis added). In other words, if an alien is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he must be detained and is not entitled to a bond hearing while he awaits removal proceedings.

On the other hand, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond. 8 U.S.C. § 1226(a). The regulations accompanying the statute explain the various levels of review for this determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. *Id.* § 236.1(d)(1). An immigration judge's

decision to detain may be further appealed to the Board of Immigration Appeals ("BIA"). *Id.* § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

For many years, Immigration Judges applying the INA provided bond hearings for aliens who had entered the country without inspection or admission and were later apprehended and detained by ICE. *See Jonathan Javier Yajure Hurtado*, 29 I. & N. Dec. 216, 225 n.6 (BIA 2025) ("Hurtado"). But on September 5, 2025, the Board of Immigration Appeals ("BIA") determined that an immigration judge does not have authority to hear a request for bond by an alien present in the United States who has not been admitted after inspection because the alien was "subject to mandatory detention" under § 1225. *Id.* at 229. This change in interpretation of the INA has led to a nationwide influx of habeas corpus petitions seeking bond hearings for aliens who were recently detained after living for years in the United States without inspection or admission.

## II.   FACTUAL BACKGROUND

Petitioner is a citizen of Nicaragua who entered the United States on or about December 14, 2018, at or near Hidalgo, Texas. (ECF No. 7-1:2). On December 18, 2018, Petitioner was charged with violating 8 U.S.C. § 1182(a)(7)(A)(i) of the INA as an alien who was present in the United States without the necessary documentation allowing him to enter, remain, or pass through. (ECF Nos. 1:1, 7-1:2). Subsequently, Petitioner was released to reside in the community on his own recognizance. (ECF No. 1:1). On June 7,

2022, an Immigration Judge dismissed the removal proceedings instigated by DHS due to "PD"—"prosecutorial discretion." (ECF Nos. 1:4, 7-2).

On April 1, 2026, Petitioner was arrested for a DUI in Jay, Oklahoma, and on April 12, 2026, he was transferred to the Tulsa County Jail. (ECF No. 7-1:3). DHS issued a warrant for Petitioner's arrest and he was subsequently taken to the Cimarron Correctional Facility where he is currently detained.[2]

## III.   PETITIONER'S CLAIMS

In Claim One, Petitioner alleges that his due process rights under the Fifth Amendment to the Constitution have been violated by his re-detention because he had already been released from immigration custody and his prior removal proceedings had been dismissed which created a liberty interest in his continued freedom. (ECF No. 1:12-13.

In Claim Two, Petitioner alleges a violation of the INA, arguing that his detention is unlawful because § 1225(b)(2)(A) "only applies to noncitizens seeking admission at or near the border." (ECF No. 1:13-14). Petitioner instead asserts that he is properly subject to detention under § 1226(a). (ECF No. 1:13-14).

In Claim Three, Petitioner alleges that his continued detention without any meaningful opportunity to seek release violates the Due Process Clause. (ECF No. 1:14-15).

---

[2] *See* https://locator.ice.gov/odls/#/results (last visited June 15, 2026).

As relief, Petitioner requests release or, in the alternative, a "prompt constitutionally adequate custody hearing before a neutral decisionmaker, at which the government bears the burden of justifying continued detention." (ECF No. 1:15). Petitioner also requests declaratory and injunctive relief. (ECF No. 1:15).

## IV.   STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## V.   ANALYSIS

### A.   Respondents Violated the INA—Petitioner's Detention is Governed by § 1226(a)

According to Petitioner, his continued detention under § 1225(b)(2)(A) is unlawful and he is instead detained under § 1226(a), which allows for an individualized bond hearing. See supra. Respondents contend that Petitioner is properly detained under § 1225(b)(2)(A). (ECF No. 7:4). The undersigned agrees with Petitioner, who has been detained in the interior of the United States well after entering without admission. In response to a growing number of habeas challenges in the Western District of Oklahoma, Chief Judge Palk, Judge DeGiusti, Judge Jones, Judge Russell, and Judge Heaton have engaged in a detailed analysis of the statutory text and legislative history of § 1225 and § 1226 and a discussion of the BIA's application of the statutes for the past three decades. These Judges have repeatedly concluded that § 1225(b)(2)(A) "only applies when a

noncitizen 'applicant for admission' is actively 'seeking admission' into the United States" and thus that § 1226(a) governs the detention of non-citizens who were apprehended when they were already present in the country without admission, as opposed to arriving at the border. *Damian v. Jones*, No. CIV-25-1561-J, 2026 WL 446295, at *2 (W.D. Okla. Feb. 17, 2026); *see, e.g., Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4-5 (W.D. Okla. Dec. 16, 2025); *Gonzalez Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *5 (W.D. Okla. Jan. 20, 2026); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025); *Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026). Accordingly, the Judges have granted such petitioners habeas relief in the form of bond hearings under § 1226(a).

The Sixth, Eleventh, Seventh, and Second Circuit Courts of Appeals are in agreement. *See Lopez-Campos v. Raycraft*, Nos. 25-1965/1969,1978/1982, --- F.4th ----, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026) ("Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since § 1226 applies to aliens already present in the United States and creates a default rule for those aliens by permitting— but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings, Petitioners could have been detained pursuant to only § 1226.") (citation modified); *Hernandez Alvarez v. Warden*, Fed. Det. Ctr. Miami, No. 25-14065, - -- F.4th ----, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026) ("§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior."); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, --- F.4th

----, 2026 WL 1223250, at \*11 (7th Cir. May 5, 2026) ("[R]eading § 1225(b)(2)(A) to apply only to unadmitted noncitizens seeking lawful entry at our country's border and ports of entry faithfully adheres to each word in the statute, its grammatical structure, and statutory context, while accurately reflecting the statute's historical background, consistent with the government's long-standing understanding and application of it."); *Da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026) ("Petitioner entered the United States unlawfully in 2004 or 2005 and has resided here ever since. He is therefore deemed to be an 'applicant for admission' by Section 1225(a), but he is not 'seeking admission' because he is not requesting lawful entry into the United States after inspection and authorization. . . . Accordingly, we conclude that Petitioner's detention is governed by Section 1226(a), not Section 1225(b)(2)(A).").[3]

Moreover, the conclusion that § 1226 governs an alien's recent detention by ICE is only bolstered in cases like the instant one, in which Petitioner was previously detained by ICE and later released on his own recognizance into the United States pursuant to § 1226. *See supra*. *See, e.g., Vielma Uzcategui v. Brooksby*, Case No. 4:26-cv-20-DN-PK,

---

[3]    In contrast, Judge Dishman and Judge Wyrick in this District have adopted Respondents' position that aliens like Petitioner fall under § 1225(b)(2)(A) and are subject to mandatory detention. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025). The Fifth and Eighth Circuit Courts of Appeals are in accord. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The undersigned respectfully disagrees with the textual analysis and statutory interpretations by these courts. Several Judges in this District have expressly acknowledged the Fifth and Eighth Circuit rulings but have not altered their analysis. *See Campa v. Johnson*, No. CIV-26-1-HE, 2026 WL 446978, at \*1 (W.D. Okla. Feb. 17, 2026); *Abhishek v. Holt*, No. CIV-26-221-SLP, 2026 WL 852091, at \*2 & n.6 (W.D Okla. Mar. 27, 2026); *Raj v. Anda-Ybarra*, No. CIV-26-125-D, 2026 WL 852093, at \*1 & n.1 (W.D. Okla. Mar. 27, 2026).

2026 WL 622751, at *9 (D. Utah Mar. 5, 2026) (finding petitioner was entitled to a bond hearing under § 1226(a) when she had been originally released on her own recognizance under § 1226(a) and then later detained without bond because "[a]s numerous courts have observed, the initial decision to pursue petitioner's detention under § 1226(a) precludes the government from later switching tracks to subject her to mandatory detention under § 1225(b)(2). The rule is simple: Sections 1226(a) and 1225(b) cannot be applied simultaneously.") (citation modified); *Bello Chacon v. Hermosillo*, No. 25-CV-2299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release on recognizance under § 1226 indicates he "was—and continues to be—subject to discretionary detention under § 1226"); *Chen v. Soto*, No. CV 25-17198, 2025 WL 3527239, at *3 (D.N.J. Dec. 9, 2025) (granting habeas relief and ordering respondents to provide a bond hearing for petitioner previously released on his own recognizance pursuant to § 1226 because previously treating petitioner under § 1226 "defeats respondents' new position that a different statutory provision applies").

Based on the foregoing analysis and the weight of authority in this Court, the undersigned concludes that Petitioner is subject to detention only under § 1226(a). Respondents' detention of Petitioner under § 1225, which denied him the opportunity for a bond hearing, violates the INA. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3).

**B.    Petitioner's Detention Without a Bond Hearing Also Violates Procedural Due Process**

Petitioner alleges that denying him consideration for bond violates not only the INA but also his due process rights under the Fifth Amendment to the Constitution. (ECF No. 1:14-15). The Court should agree.

The Fifth Amendment's Due Process Clause protects all persons within the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. It is well established that the Due Process Clause applies to non-citizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: (1) is there a protected liberty interest, and (2) if so, what procedures are necessary to ensure deprivation of that protected liberty interest accords with due process. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690.

As a non-citizen facing discretionary detention or release while removal proceedings are pending, (1) Petitioner has a liberty interest in freedom from immigration detention, and (2) it is necessary to afford him the opportunity to be heard regarding his release to ensure that any deprivation of that protected liberty interest accords with due process. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (citation modified). The bond hearing process codified at § 1226(a) and its related regulations provides such an opportunity to be heard. Thus, Petitioner's

procedural due process rights have been violated by Respondents' decision to detain him under § 1225 without a bond hearing. As articulated by a district court of this Circuit:

> Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ [immigration judge]. Having erroneously concluded that Petitioner was mandatorily detained under § 1225, the IJ in Petitioner's case declined to make an individualized assessment of whether Petitioner posed any danger to the community, threatened national security, or was at risk of flight. Thereafter, Petitioner's continued detention without the bond hearing that should have been provided to him pursuant to § 1226 constitutes an ongoing violation of his constitutional right to due process.

*Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (internal citation omitted); *see also Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1282 (D.N.M. 2026) ("Because Petitioner is subject to § 1226's discretionary detention provision rather than mandatory detention under § 1225, he is entitled to a bond hearing. Classifying Petitioner under § 1225 has thus deprived him of due process by denying him the opportunity to be heard at such a hearing.") (citations omitted); *Facio v. Baltazar*, No. 25-CV-03592-CYC, 2025 WL 3559128, at *3 (D. Colo. Dec. 12, 2025) ("[T]he Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation. After all, the facts clearly demonstrate that [the petitioner] was entitled to more process than he received pursuant to § 1226(a) and its implementing regulations.") (citation modified); *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. Aug. 29, 2025) ("[T]he Court has specifically held that Section 1226(a) governs Lopez-Campos' detention, therefore the process due to him is that which is afforded under Section 1226(a). The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized

custody determination – a hearing the IJ did not conduct. Therefore, without first evaluating Lopez-Campos' risk of flight or dangerousness, his detention is a violation of his due process rights."), *aff'd*, 2026 WL 1283891, at *13 ("find[ing] no reason to disturb" the district courts' holdings "that the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights").[4]

## VI.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT** the Petition for habeas relief, in part. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody. It is recommended that the Court order that at the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention.[5]

---

[4]  Petitioner requests that the government bear the burden of proof at the bond hearing. *See supra*. The undersigned, however, notes that the issue of burden shifting is "premature" and "not ripe for adjudication" because "[a]t this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework. Accordingly, the Court declines to issue an advisory opinion instructing the Immigration Judge to apply a particular burden of proof." *Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026).

[5] In light of the recommendation for a bond hearing, the Court need not consider Claim One, challenging lack of notice prior to re-detention.

The parties are advised of their right to object to this Report and Recommendation. See 28 U.S.C. § 636. Any objection must be filed not later than **June 22, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **June 25, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII.   STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on June 15, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE