**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CRISTIAN RODRIGUEZ-MORENO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-805-J |
| | ) | |
| ROBERT CERNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner, a Nicaragua national, entered the United States in December 2018.  Removal proceedings began the same month, and Immigration and Customs Enforcement (ICE) released Petitioner on his own recognizance.  In June 2022, an Immigration Judge dismissed the removal proceedings.  In April 2026, ICE re-detained Petitioner following his unrelated arrest in Tulsa, Oklahoma.  He remains in ICE custody, and, on that ground, filed a Petition for Writ of Habeas Corpus.  [Doc. No. 1].  The matter was referred to United States Magistrate Judge Shon T. Erwin who has issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and order Respondents to provide Petitioner a bond hearing within seven days or otherwise release him and (2) require the Government to bear the burden at the bond hearing to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention.  (Rep. & Rec.) [Doc. No. 8].  Respondents filed a timely Objection (Obj.) [Doc. No. 9], triggering de novo review.  *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Respondents first object to Judge Erwin's conclusion that 8 U.S.C. § 1226(a) controls Petitioner's detention.  *See* Obj. at 1-2.  Although employing a de novo review, the Court declines

to engage in lengthy analysis.[1]  This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Ramirez v. Johnson,* No. CIV-26-426-J, 2026 WL 1683139, at *1 (W.D. Okla. June 10, 2026); *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases).  Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents also object to Judge Erwin's conclusion that the Government should bear the burden at any subsequent bond hearing.  *See* Obj. at 3-5.  On this issue, the Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage.  A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (citation omitted).  At this time, no immigration judge has conducted a hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework.  Accordingly, the Court continues to stand with other courts in this district and declines to issue an advisory opinion instructing application of a particular burden of proof.  *See Ramirez*, 2026 WL 1683139, at *2; *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 (W.D. Okla. June 5, 2026); *Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at *3 (W.D. Okla. June 5, 2026).

---

[1] "[N]either 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).  Indeed, the circuit court has upheld district court orders which "merely repeated the language of § 636(b)(1) to indicate its [de novo] compliance." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) ("[I]t is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.").

Accordingly, the Report and Recommendation [Doc. No. 8] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART in so far as it alleges entitlement to a bond hearing under 8 U.S.C. § 1226(a).  The Court ORDERS Respondents to provide Petitioner with a bond hearing within seven days from the date of this Order, or release Petitioner if no hearing occurs within that period.  The Report and Recommendation is DECLINED IN PART as the Court declines to issue an advisory opinion regarding the burden of proof.

A separate judgment will enter.

IT IS SO ORDERED this 23rd day of June, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

3